UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.06-80666-Civ-Hopkins

MICHAEL L. HOPP,

                Plaintiff,

vs.

JOHN WIKSE,

                Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION IN LIMINE REGARDING PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES

**THIS CAUSE** has come before this Court upon Defendant's Motion in Limine to preclude Plaintiff from seeking punitive damages. The parties have consented to magistrate judge jurisdiction over the trial of this matter, which is scheduled to commence on December 1, 2008. The Court heard oral argument of Defendant's motion on November 24, 2008.

## BACKGROUND

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. In his *pro se* Amended Complaint, Plaintiff alleges that Defendant John Wikse of the Palm Beach County Sheriff's Department used excessive force while arresting Plaintiff on September 26, 2004, on suspicion of driving while under the influence of alcohol or drugs. (DE 9). Specifically, the Amended Complaint states that Defendant Wikse "pulled [Plaintiff] from [his] vehicle by [his] head and threw [Plaintiff] to the ground while verbally threatening to kill [him]." (DE 9 at pg 4). Defendant Wikse "then put [Plaintiff's] head in a puddle with approximately 12-16 inches of

water.  He held [Plaintiff] under the water and would not release [him] . . ."  (DE 9 at pg 4).  In the pre-printed section of the *pro se* form complaint labeled "Relief," Plaintiff asks the court to impose "monetary sanctions against . . . these deputies."  (DE 9 at pg 5).[1]

On November 27, 2006, United States Magistrate Judge Patrick A. White issued an Initial Screening Report to the District Court pursuant to 28 U.S.C. § 1915.  (DE 10).  In his Report, Judge White dismissed the other Defendants and causes of actions listed in Plaintiff's Amended Complaint, with the exception of the instant excessive force claim against Defendant Wikse.  (DE 10).  Specifically, Judge White recommended that "[t]he claim of excessive force upon arrest proceed against the defendant Wikse *in his individual capacity*."  (DE 10 at pg 8)(emphasis added).  On January 9, 2008, the District Court Approved and Adopted Judge White's Report and Recommendation in full.  (DE 12). In his subsequent Answer to the Amended Complaint, Defendant Wikse asserted the affirmative defense of qualified immunity.  (DE 16 at ¶ 3).

With the instant motion, Defendant states that he did not have sufficient notice that Plaintiff was suing him in his individual capacity and that he could be liable for punitive damages.  According to Defendant, he was not on notice of a punitive damages claim until he received Plaintiff's proposed jury instructions on November 21, 2008.

---

[1] Since filing his Amended Complaint, Plaintiff, who is incarcerated as a result of the arrest underlying this lawsuit, has obtained an attorney to represent him *pro bono*.

## **DISCUSSION**

In civil rights cases brought against state actors under § 1983, punitive damages are available "only upon a showing of 'evil motive or intent, or . . . reckless or callous indifference to the federally protected rights of others.'" *Kyle v. Patterson*, 196 F.3d 695, 697-98 (7th Cir. 1999)(*quoting Smith v. Wade,* 461 U.S. 30, 56 (1983). Notably, punitive damages are only allowable against defendants in their individual capacities and are not available in official capacity suits. *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995)(*citing Shabazz v. Coughlin*, 852 F.2d 697, 700 (2d Cir. 1988); *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993). Thus, it is important for courts to "ensure that the defendants in question receive sufficient notice with respect to the capacity in which they are being sued." *Young Apartments, Inc. v. Town of Jupiter, Florida,* 529 F.3d 1027, 1047 (11th Cir. 2008). *See also Hadi v. Horn*, 840 F.2d 779, 782 (7th Cir. 1987)(recovery of damages in individual capacity suits "can be obtained only against the official's personal assets"). However, plaintiffs are "not required to designate with specific words in the pleadings that they are bringing a claim against defendants in their individual or official capacities." *Young Apartments, Inc.*, 529 F.3d at 1047.

In cases where it is unclear whether a plaintiff is suing the state actor in his official or individual capacity, "the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings." *Biggs*, 66 F.3d at 61. *See also Young Apartments, Inc.*, 529 F.3d at 1047 ("while it is clearly preferable that a plaintiff state explicitly in what capacity defendants are being sued, failure to do so is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice")(*internal quotations and citations*

*omitted*).  One factor for the court to consider in determining whether the defendant had sufficient notice is whether the plaintiff alleged that the defendant acted in accordance with a particular governmental policy or custom.  *Biggs*, 66 F.3d at 61.  Where a plaintiff does not allege conformance with an unlawful policy or custom, such is indicative of a personal capacity suit.  *Id.*  Similarly, the court should consider the defenses raised because qualified immunity is available only in a personal capacity suit.  *Id.*  Thus, when a defendant raises qualified immunity as an affirmative defense, such "indicates that the defendant interpreted the plaintiff's actions as being against him personally."  *Id.*  Finally, courts can also consider the type of damages sought.  Since punitive damages are only available against individual defendants, such is also indicative of the capacity in which the defendant is sued.  *Id.*  However, courts are to construe *pro se* pleadings liberally, and a failure to specifically request punitive damages in a *pro se* complaint is "not fatal" to the claim because "*pro se* complaints are not held to the stringent standards expected of pleadings drafted by lawyers."  *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999).

The facts in *Schmidt v. Kachel*, 2003 WL 23162897, *2 (W.D. Wis. April 3, 2003) are similar to those presented here.  In *Schmidt*, three weeks before trial, the plaintiff sought to amend his *pro se* complaint to explicitly seek punitive damages for § 1983 violations.  The court granted plaintiff's motion despite it being at a "relatively late stage," noting that "[b]ecause plaintiff was proceeding *pro se* when he filed his first amended complaint, I conclude that he was not required to use certain magic words or phrases in order to preserve a claim for punitive damages."  *Id.*  Additionally, the court noted that since the plaintiff's original complaint alleged that "defendant refused to sell plaintiff county road salt solely because he was angered by critical

statements plaintiff made at a county board meeting, it should not come as a surprise to defendant that the original complaint alleged reckless or callous indifference to plaintiff's constitutional rights." *Id.* (*citing Kyle v. Patterson*, 196 F.3d 695, 697-98 (7th Cir. 1999)("Punitive damages are available in § 1983 cases only upon a showing of 'evil motive or intent, or . . . reckless or callous indifference to the federally protected rights of others.'"). Finally, the court found a lack of prejudice because the defendant failed to specify what discovery he would have sought had he been aware of the punitive damages claim earlier. *Id.*

Likewise, here, there are several bases for the Court to conclude that Defendant Wikse should have been on notice that Plaintiff's lawsuit was against him in his individual capacity and could therefore encompass punitive damages. First, Plaintiff does not allege that Wikse violated his civil rights by acting in accordance with an unlawful custom or policy of the Palm Beach County Sheriff's Department. Rather, Plaintiff alleged that Wikse intentionally attempted to drown him while verbally threatening Plaintiff's life. Such allegations could not be construed as anything but an "evil intent" or "callous indifference" towards Plaintiff's constitutional rights, for which Plaintiff sought "monetary sanctions." That language suggests that Plaintiff sought monetary punishment above and beyond ordinary damages. Second, Judge White's Initial Screening Report specifically stated that the lawsuit against Wikse in his "individual capacity" should proceed to trial. Finally, Defendant Wikse himself raised the affirmative defense of qualified immunity in his Answer, thereby indicating that he was aware of his potential individual liability. *See Young Apartments, Inc.*, 529 F.3d at 1047.

## **CONCLUSION**

Accordingly, Defendant's Motion in Limine to preclude Plaintiff from seeking punitive damages is **DENIED**.

**DONE AND ORDERED** in Chambers this 24 day of November, 2008, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to: Counsel of Record